**Opinion filed July 26, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00301-CR
_____

## STATE OF TEXAS, Appellant

## V.

## ALVIE EUGENE ANDERSON, Appellee

### On Appeal from the County Court at Law

### Brown County, Texas

### Trial Court Cause No. 1000388

### M E M O R A N D U M   O P I N I O N

The State of Texas appeals from the trial court's granting of a motion to suppress presented by Alvie Eugene Anderson prior to his trial before the court for the offense of possession of a usable quantity of marihuana in an amount of two ounces or less. The State contends in two issues that the trial court erred in holding that there was an investigative detention and that the trial court erred in granting Anderson's motion to suppress. We reverse and remand.

The trial court's ruling on a motion to suppress is subject to review on appeal for abuse of discretion. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). We view all of the

evidence in the light most favorable to the trial court's ruling. *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). When the trial court makes explicit findings of fact, we afford those findings almost total deference as long as the record supports them, regardless of whether the motion to suppress was granted or denied. *Id.* Therefore, the prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *Id.* We afford the same amount of deference to the trial court's rulings on mixed questions of law and fact if those rulings turned on an evaluation of credibility and demeanor. *Id.* at 465–66. Other mixed questions of law and fact are reviewed de novo. *Id.* at 466.

There are three distinct types of interactions between police and citizens: (1) consensual encounters, which require no objective justification; (2) investigatory detentions, which require reasonable suspicion; and (3) arrests, which require probable cause. *Id.* When a police-citizen encounter is consensual, the Fourth Amendment and its protections are not implicated. *Id.* An officer is just as free as anyone to stop and question a fellow citizen, but a citizen is free to terminate a consensual encounter at will. *Id.* An officer may, without reasonable suspicion, request identification and information from a citizen. *Id.* Even if the officer did not tell the citizen that the request for identification or information may be ignored, the fact that the citizen complied with the request does not negate the consensual nature of the encounter. *Id.*

An encounter is no longer consensual when an officer, through physical force or a showing of authority, has restrained a citizen's liberty. *Id.* At this point, the interaction is considered an investigatory detention or arrest, both of which are Fourth Amendment seizures. *Id.* And when a seizure takes the form of a detention, Fourth Amendment scrutiny is necessary. *Id.* It must be determined whether the detaining officer had reasonable suspicion that the citizen is, has been, or is about to be engaged in criminal activity. *Id.*

There is no bright-line rule to determine when an encounter becomes a seizure. *Id.* at 466–67. Instead, courts must take into account the totality of the circumstances surrounding the interaction to determine whether a reasonable person would have felt free to ignore the police officer's request or terminate the encounter. *Id.* at 467. A court must step into the shoes of the defendant and make this determination from a common, objective perspective. *Id.* If ignoring the request or terminating the encounter was an option, then no Fourth Amendment seizure has occurred. *Id.* The time, place, and surrounding circumstances must be taken into account, but

the officer's conduct is the most important factor in determining whether a police-citizen interaction is a consensual encounter or a Fourth Amendment seizure. *Id.*

Pete Bastardo testified that he is a sergeant with the Brown County Sheriff's Office. On May 4, 2010, Sergeant Bastardo observed a parked vehicle at a gate on Walnut Street. The gate led to an open field. He notified the dispatcher that he was checking the vehicle because it was suspiciously parked.

Sergeant Bastardo testified that he approached the two men who were at the vehicle and asked them if they owned the property and that they told him they did not own it and did not know who did. He said he believed they told him they were there to talk. He related that, when he asked them if they had been drinking, both acknowledged that they had and that Anderson acknowledged that he had an open container in the vehicle.

Subsequently, Sergeant Bastardo asked Anderson if he had any illegal items on his person. According to Sergeant Bastardo, Anderson said no, but consented to emptying out his pockets and allowing Sergeant Bastardo to inspect what was in his pockets. Sergeant Bastardo related that Anderson pulled a cigarette pack out of his pocket, which contained what he thought, based on his training and experience, to be a joint of marihuana.

Sergeant Bastardo testified that, prior to asking Anderson for consent to search, he did not physically touch him, did not interfere with anyone's freedom of movement, and did not command either of the two men to stay, either through his tone of voice or through specific words.

The trial court granted Anderson's motion to suppress. In its conclusions of law, the court found that Sergeant Bastardo's encounter with Anderson was initially a consensual encounter that became nonconsensual when Sergeant Bastardo, while in uniform, began interrogating Anderson to see if he had any illegal items and asking him to empty out his pockets. The trial court concluded that Sergeant Bastardo did not have reasonable suspicion to detain Anderson or to request to search him. The trial court found that Sergeant Bastardo's testimony was credible and that there was no reason to find his testimony untruthful. Whether Sergeant Bastardo's interaction with Anderson constituted a consensual police-citizen encounter or a Fourth Amendment detention is subject to a de novo review. *Castleberry*, 332 S.W.3d at 466. As we have previously noted, a consensual encounter becomes a detention when an officer, through physical force or a showing of authority, has restrained a citizen's liberty. *Id.* There are

no facts showing that Sergeant Bastardo, through physical force or a showing of authority, had restrained Anderson's liberty at the time Anderson produced the marihuana from his pocket. Consequently, there was no detention as found by the trial court.

Anderson contends that the detention began when Sergeant Bastardo asked him and his companion who they were and why they were where they were. He relies upon the case of *Ceniceros v. State*, 551 S.W.2d 50 (Tex. Crim. App. 1977). In *Ceniceros*, a police officer, at 10:20 a.m., approached four men standing on the sidewalk in a residential area where numerous burglaries had occurred. *Id.* at 55. His purpose was to secure information and see if they had any business in the area. The court, relying on *Terry v. Ohio*, 392 U.S. 1 (1968), held that the officer's action was unreasonable under the Fourth Amendment to the United States Constitution and Article I, section 9 of the Texas Constitution because the officer did not have a reasonable suspicion that the men on the street corner were in some way connected with recent burglaries in the area. *Ceniceros*, 551 S.W.2d at 55. Subsequently, the Texas Court of Criminal Appeals held that a law enforcement officer is permitted to approach a citizen without reasonable suspicion or probable cause in order to ask questions and even to request a consent to search. *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). In *Ceniceros*, the court appears to presume that the officer was making a "*Terry*" stop, which requires reasonable suspicion, and does not discuss whether the encounter with the officer was a consensual encounter. We rely on later cases such as *Johnson* and *Castleberry* that discuss consensual encounters. We also take note of another later case, *Hunter v. State*, 955 S.W.2d 102 (Tex. Crim. App. 1997), which holds that a police officer's asking questions, including whether the defendant was in possession of narcotics, or requesting consent to search does not alone render an encounter a detention. *Id.* at 103, 106. The trial court's conclusion of law that the consensual encounter changed to a detention when Sergeant Bastardo began asking Anderson if he had any illegal items and asked if he would empty his pockets is contrary to the law as stated in *Hunter*.

As we have noted, the most important factor in determining whether a consensual encounter has changed to a detention is the officer's conduct. Nothing Sergeant Bastardo said or did indicated a change from a consensual encounter to a detention. He did not search Anderson's pockets without a warrant, nor did he demand that Anderson empty his pockets. Instead, he asked if Anderson would mind emptying his pockets, language inferring that Anderson had the option of noncompliance. We sustain Issues One and Two.

4

The trial court's order granting Anderson's motion to suppress is reversed, and the cause is remanded for further proceedings.

JOHN G. HILL

JUSTICE

July 26, 2012

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill.[1]

---

[1]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.